**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BYRON K. GRANT,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
DA-0752-16-0480-I-1

DATE: March 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steven E. Brown, Esquire, Westlake Village, California, for the appellant.

Brandi M. Powell, New Orleans, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was formerly employed by the agency as a Supply Technician until he was removed, effective July 8, 2016, based on one charge of conduct unbecoming. Initial Appeal File (IAF), Tab 6 at 11-15. The charge was based on one specification in which the agency alleged that the appellant engaged in a loud verbal exchange with another employee that escalated to a physical altercation, necessitating agency police to respond to the scene. *Id.* at 13.

¶3 The appellant filed an appeal disputing the charges. IAF, Tab 1. After holding the requested hearing, the administrative judge issued an initial decision, sustaining the appellant's removal. IAF, Tab 15, Initial Decision (ID). The administrative judge found that the agency proved its charge, there was a nexus between the sustained charge and the efficiency of the service, and the penalty of removal was reasonable. ID at 2-9.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not responded to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the agency proved its charge.</u>

¶5      The administrative judge found that the agency proved the essence of its charge, which was that the appellant engaged in a verbal and physical altercation in the workplace. ID at 3-5. On review, the appellant contends that the administrative judge erred in relying on *Hicks v. Department of the Treasury*, [62 M.S.P.R. 71](#) (1994), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table), for the proposition that an agency is only required to prove the essence of its charge and need not prove each factual specification supporting the charge. PFR File, Tab 1 at 4. He further contends that the administrative judge erred in finding that the agency proved its charge because it failed to demonstrate that he engaged in a loud verbal exchange or that he chased the other employee back into the warehouse with a brick. *Id.* The administrative judge considered the appellant's testimony that he did not pick up a brick during the altercation, that his voice was not loud before exiting the warehouse, and that he did not place his hands on the other employee's chest; rather, the employee's chest met his hands because the employee was standing so close to him. ID at 5. However, the administrative judge found that even if she credited that testimony, the agency still proved the essence of its charge. ID at 5. We discern no error in her analysis.

¶6      The appellant also contends that the administrative judge improperly found that he pursued the other employee with aggression, despite his testimony to the contrary. PFR File, Tab 1 at 4. However, the administrative judge considered the appellant's testimony that he did not run after the other employee but found that it was not credible because it conflicted with the appellant's statement prepared a few days after the incident, the police officer's summary of the appellant's statement regarding the incident, a witness's signed statement, and another witness's testimony at the hearing. ID at 4-5. Thus, we find that the appellant's argument constitutes mere disagreement with the administrative judge's findings and does not provide a basis for reversal. *See, e.g.*, *Crosby v. U.S. Postal Service*,

74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The administrative judge properly found that the penalty of removal was reasonable.

¶7       On review, the appellant contends that the administrative judge erred in not mitigating the penalty.  PFR File, Tab 1 at 4.  In determining an appropriate penalty, an agency must review relevant mitigating factors, also known as the *Douglas* factors pursuant to *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).  The Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency.  *See Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013).  Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness.  *Id.*

¶8       The administrative judge deferred to the agency's decision to remove the appellant after finding that the deciding official considered the relevant *Douglas* factors, including the nature and seriousness of the offense, the appellant's length of service, and his prior 7-day suspension for conduct unbecoming based on a verbal altercation with another employee in the workplace.  ID at 7-8.  The administrative judge also found that the deciding official considered the appellant's self-defense claim but determined that the appellant was an active participant in the altercation because he chose to pursue the conflict, rather than exercise his opportunity to retreat.[3]  ID at 7-8.  We agree with the administrative

---

[3] The administrative judge similarly rejected the appellant's self-defense claim and found that the appellant was not without fault in the encounter in that he could have retreated from the situation but instead chose to chase the employee back inside the warehouse.  ID at 5-6.  Although the appellant argues on review that this was an error because the record establishes that the other employee was the initial aggressor, PFR

judge that the deciding official appropriately considered all of the relevant *Douglas* factors, and thus his penalty determination is entitled to deference. We further agree with the administrative judge that the penalty of removal was within the bounds of reasonableness.

¶9      Based on the foregoing, we affirm the initial decision, sustaining the appellant's removal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

File, Tab 1 at 4, such an assertion fails to show any error in the administrative judge's finding that the appellant subsequently failed to retreat from the situation.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.